No. 69    .

HELLER et v. MURPHY HOTEL CORP.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6691.  Decided Dec. 20, 1926

(Judges Mauck, Sayre & Middleton, 4th Dist., sitting.)

545.   FORFEITURE—Payment by lessee and acceptance by lessor of rent after a forfeiture has been made is condonation of the forfeiture and the lessor is estopped to act thereon.

851.   NOTICE—Where written notice of forfeiture and intent to act thereon are required by a lease before it can be acted upon, the fact that an attorney wrote that a forfeiture had been made and his client would be glad to take up the lease is not sufficient notice to leasee.

MAUCK, P. J.

Isaac Heller brought this action in ejectment against the Murphy Hotel Corp., seeking to recover possession of certain lands.   The Hotel Corp. plead that they held same under a ninety-nine year lease executed by Heller to the Chester Improvement Company, which Company had assigned said lease to the Hotel Corp. about May 2nd 1922.   In reply Heller admitted the lease and then claimed that the Chester Improvement Co. had forfeited all their rights under the lease.   Upon these pleadings, the case went to trial and the trial court directed a verdict for the Hotel Corp. Whereupon error was prosecuted by Heller et, to reverse the trial court.

The theory of Heller is that the lessee (Chester Improvement Co.) had failed to comply with two conditions of the lease under which the Murphy Hotel Corp. was holding; first, that the lessee had failed to erect a suitable building as the lease provided and second, that the original lessee had assigned the lease to the Hotel Corp. without the consent of Heller et.   The Court of Appeals held:—

1.   It is admitted that no building was erected by the lessee and because Heller et received rent after the time set for building, their right of forfeiture is therefore waived. .

2.   The lease provided that 60 days' written notice was to be given lessee before the forfeiture could be made and that within that time the lessee could pay or perform the engagements of the lease and prevent the forfeiture.

3. Written notice was never given the lessee and the only evidence of such was a letter by an attorney in which mention is made of a forfeiture and the fact that Heller would be glad to take it up.

4. Such letter at most is a mere claim of forfeiture and is in no way such written notice as was contemplated in the lease.

Judgment therefore affirmed.

(Sayre & Middleton, JJ., concur.)

Attorneys—Vickery & Vickery, John F. Wilson and Harold H. Gorman for Heller et; Tolles, Hogsett, Ginn & Morley for the Corp.; all of Cleveland.